# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE PENA-DIAZ,**

**Plaintiff,**  Case No.:

v.

**DELROS MANAGEMENT, INC.**
**d/b/a VATOS DRYWALL,**
**A Florida Profit Company,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOSE PENA-DIAZ (hereinafter referred as "PENA-DIAZ" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant DELROS MANAGEMENT, INC. d/b/a VATOS DRYWALL. (hereinafter referred as "VATOS" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and Florida's Workers' Compensation Law in violation of § 440.205. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled,

including but not limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## PARTIES

1. PENA-DIAZ was hired by VATOS in July of 2019.

2. VATOS is a construction company in Oviedo, Florida.

3. PENA-DIAZ was employed as a Supervisor for VATOS.

4. By the very nature of its work, VATOS is a corporation that is engaged in commerce.

5. VATOS is engaged in an industry affecting commerce.

6. VATOS employs more than fifty (50) employees.

7. VATOS employs more than fifty (50) employees within 75 miles of its Oviedo, Florida location.

8. Plaintiff is an "employee" as defined by the FMLA.

9. VATOS is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for VATOS in Seminole County, Florida.

13. VATOS conducts business in Seminole County, Florida.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## STATEMENT OF FACTS

15. Plaintiff began working for Defendant on July 1, 2019, as a supervisor.

16. Plaintiff earned approximately $72,000.00 per year.

17. Plaintiff was employed with Defendant for one (1) calendar year leading up to January of 2022.

18. Plaintiff worked over 1,250 hours for Defendant during the year immediately preceding January of 2022.

19. On or around March 30, 2022, he was moving heavy boxes in connection with his employment with Defendant.

20. While moving the heavy boxes, Plaintiff sustained a back injury that was extremely painful.

21. The Plaintiff's back injury was so severe, it affected one or more major life activities including, walking, standing and bending.

22. In addition, Plaintiff's back injury constituted a serious health condition.

23. Plaintiff reported the workplace injury to his boss, Héctor Cerrillo.

24. Because of the reported pain by Plaintiff, Cerrillo advised Plaintiff to go see a doctor.

25. However, Cerrillo failed to make a workplace accident report or otherwise initiate a claim for Plaintiff under workers compensation.

26. Two days after his workplace accident, on April 1, 2022, Plaintiff was terminated.

27. Defendant attempted to justify Plaintiff's termination by stating that he wasn't adequately communicating with employees.

28. Plaintiff was terminated to prevent him from taking FMLA leave, to which he was entitled.

29. This reason for Plaintiff's termination is false and a pretext for interference and retaliation.

30. Defendant's actions, including terminating Plaintiff, were retaliatory.

## COUNT I
## INTERFERENCE UNDER THE FMLA

31. PENA-DIAZ re-alleges and adopts the allegations of paragraphs 1-29 above as if fully set forth herein.

32. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

33. VATOS was Plaintiff's employer as defined by the FMLA.

34. VATOS's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

35. As a direct, natural, proximate and foreseeable result of the actions of VATOS, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

36. Plaintiff has no plain, adequate or complete remedy at law for the actions of VATOS, which have caused and continue to cause irreparable harm.

37. VATOS's violations of the FMLA were willful.

38. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against VATOS for their interference with his rights under the FMLA;

b. judgment in his favor and against VATOS for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of VATOS's conduct;

c. judgment in his favor and against VATOS for his reasonable attorneys' fees and litigation expenses;

    d.    judgment in his favor and against VATOS for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e.    declaratory judgment that VATOS'S practices toward Plaintiff violate his rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

39.    PENA-DIAZ realleges and incorporates all allegations contained within Paragraphs 1, 3-10, 10-16, 19-27, and 29-30 above.

40.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

41.    Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

42.    Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

43.    The retaliation to which Plaintiff was subjected was based on his disability.

44. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

45. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

46. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Declare that Defendant violated the aforementioned causes of action;

b. Grant a jury trial and entry of judgment in Plaintiff's favor;

c. Award back pay;

    d.    Award front pay;

    e.    Award compensatory damages;

    f.    Award liquidated damages;

    g.    Award prejudgment interests, and, if applicable, post-judgment interest;

    h.    Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __17th__ day of May, 2023.

    Respectfully submitted,
    s/ Edward W. Wimp
    Edward W. Wimp, Esquire – LEAD COUNSEL
    FBN: 1015586
    Email: ewimp@theleachfirm.com
    Direct: 407-574-6339

    Anthony J. Hall, Esquire
    FBN: 0040924
    Email: ahall@theleachfirm.com

    THE LEACH FIRM, P.A.
    631 S. Orlando Ave., Suite 300
    Winter Park, FL 32789
    Telephone: (407) 574-4999
    Facsimile: (833) 813-7513

    Attorneys for Plaintiff